UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

CIVIL ACTION NO. 1:15-CV-599

| | |
|---|---|
| FREDDIE WAYNE HUFF, II, <br><br> Plaintiff, <br><br> v. <br><br> NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, an agency of North Carolina, DIVISION OF STATE HIGHWAY PATROL, a principal subunit of an agency of the State of North Carolina, FRANK L. PERRY, in his official capacity as Secretary of the Department of Public Safety and individually; WILLIAM J. GREY, in his official capacity as Commanding Officer of the Division of State Highway Patrol and individually; JENNIFER A. HARRIS, in her official capacity as the Director of Professional Standards for the Division of State Highway Patrol and individually; and JOSEPH A. COTTON, in his official capacity as the Director of Internal Affairs with the Division of State Highway Patrol and individually, <br><br> Defendants. | **DEFENDANTS' NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, DIVISION OF STATE HIGHWAY PATROL, FRANK L. PERRY, WILLIAM J. GREY, JENNIFER A. HARRIS AND JOSEPH A. COTTON'S** <br><br> **ANSWER** |

COME NOW Defendants North Carolina Department of Public Safety, Division of State Highway Patrol, Frank L. Perry, William J. Grey, Jennifer A. Harris, and Joseph A. Cotton, ("Defendants"), by and through counsel, North Carolina Attorney General Roy Cooper and Assistant Attorney General Tammera S. Hill, and hereby answer the complaint of Plaintiff Freddie Wayne Huff, II ("Huff") as follows:

## NATURE OF ACTION

1. Answering Paragraph 1, it is admitted that Plaintiff purports to bring an action pursuant to the First and Fourteenth Amendments to the United States Constitution, the North Carolina State Constitution; U.S.C. 1983 and North Carolina State and Common Law. Except as admitted, Paragraph 1 is denied.

2. Defendants deny the allegations set forth in Paragraph 2 of the Plaintiff's complaint.

3. Defendants deny the allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4. Defendants deny the allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5. Defendants deny the allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6. Defendants deny the allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7. Defendants deny the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

8. Answering Paragraph 8, it is admitted that Plaintiff purports to bring an action pursuant to the First and Fourteenth Amendments to the United States Constitution, the North Carolina State Constitution; U.S.C. 1983 and North Carolina State and Common Law. Except as admitted, Paragraph 1 is denied.

9. Defendants admit the allegations in Paragraph 9 of Plaintiff's Complaint.

10. The allegations of paragraph 10 consist of legal conclusions, to which no response is required, but if one is, the allegations of paragraph 10 are denied.

11. The allegations of paragraph 11 consist of legal conclusions, to which no response is required, but if one is, the allegations of paragraph 11 are denied.

## PARTIES

12. Paragraph 12 of Plaintiff's Complaint is admitted, upon information and belief.

13. Answering Paragraph 13, it is admitted that Defendant North Carolina Department of Public Safety is a state agency within the government of North Carolina. It is also admitted that the Department of Public Safety operates under N. C. Gen. Stat. § 143B Articles 1 and 13 *et. seq.* Except as admitted, Paragraph 13 is denied.

14. Answering Paragraph 14, it is admitted that Defendant Division of State Highway Patrol is a principal subunit of the Department of Public Safety. It is also admitted that the Division of State Highway Patrol operates under N. C. Gen. Stat. § 143A-242 and N. C. Gen. Stat. Chapter 20, article 4, *et. seq.* Except as admitted, Paragraph 14 is denied.

15. Answering Paragraph 15, it is admitted that Defendant Frank L. Perry is the Secretary of the Department of Public Safety, and is the head of a State Department, agency or institution pursuant to N. C. Gen. Stat. § 143B-600 and § 20-184. It is further admitted that Secretary Perry served in a supervisory and/or policymaking role for the Department, and at all times relevant acted under color of state law in carrying out his duties and responsibilities. Secretary Perry has been at all times relevant to this action, a citizen and resident of North Carolina. Except as admitted, Paragraph 15 is denied.

16. Answering Paragraph 16, it is admitted that Defendant Colonel William J. Grey is the Commanding Officer of the Division of State Highway Patrol, and at all times relevant to this case was head of a state department, agency or institution pursuant to N. C. Gen. Stat. § 143B-11 and § 20-185, and at all times relevant acted under color of state law in carrying out his duties and responsibilities. It is further admitted that Colonel Grey is and has been, at all times relevant to this action, a citizen and resident of North Carolina. Except as admitted, Paragraph 16 is denied.

17. Answering Paragraph 16, it is admitted that Defendant Jennifer A. Harris is the Director of Professional Standards Section of the Division of State Highway Patrol, and at all times relevant exercised supervisory authority of Plaintiff pursuant to N. C. Gen. Stat. § 143B-11 and in this capacity serves in a supervisory and/or policymaking role for the SHP, and at all times relevant acted under color of state law in carrying out her duties and responsibilities. It is further admitted that Major Harris is and has been, at all times relevant to this action, a citizen and resident of North Carolina. Except as admitted, Paragraph 17 is denied.

18. Answering Paragraph 18, it is admitted that Defendant Joseph A. Cotton is the Director of the Internal Affairs Section of the Division of State Highway Patrol, and at all times relevant exercised supervisory authority of Plaintiff pursuant to N. C. Gen. Stat. § 143B-11 and in this capacity serves in a supervisory and/or policymaking role for the SHP, and at all times relevant acted under color of state law in carrying out his duties and responsibilities. It is further admitted that Captain Cotton is and has been, at all times relevant to this action, a citizen and resident of North Carolina. Except as admitted, Paragraph 18 is denied.

19. Paragraph 19 of Plaintiff's Complaint is admitted.

## ADMINISTRATIVE PROCEDURES

20. Answering Paragraph 20 of Plaintiff's Complaint, it is admitted that Plaintiff was terminated from employment as a Trooper with the State Highway Patrol. Except as admitted, Paragraph 20 is denied.

21. Paragraph 21 of Plaintiff's Complaint is admitted.

22. Paragraph 22 of Plaintiff's Complaint is admitted.

23. Paragraph 23 of Plaintiff's Complaint is admitted.

24. It is admitted that Plaintiff has appealed the Final Decision granting Respondent's Motion for Summary Judgment to the Court of Appeals. Except as admitted, Paragraph 24 of Plaintiff's Complaint is denied.

## FACTUAL BACKGROUND

25. Answering Paragraph 25 of Plaintiff's Complaint, it is admitted that Plaintiff was employed by the Lexington (NC) Police Department. Except as admitted, Paragraph 25 is denied.

26. Answering Paragraph 26 of Plaintiff's Complaint, it is admitted that all first responders were required to have NIMS Federal Emergency Management Training. Except as admitted, Paragraph 26 is denied.

27. Answering Paragraph 27 of Plaintiff's Complaint, it is admitted that Trooper Huff began his training with the North Carolina State Highway Patrol on 21 March 2013. Except as admitted, Paragraph 27 is denied.

28. Answering Paragraph 28 of Plaintiff's Complaint, it is admitted that Trooper Huff offered for sale a pair of his state-issued shoes on e-Bay. Except as admitted, Paragraph 28 is denied.

29. Answering Paragraph 29 of Plaintiff's Complaint, Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 29 of the Complaint, therefore, the allegations are denied.

30. Defendants deny the allegations set forth in Paragraph 30 of the Plaintiff's complaint.

31. Defendants admit the allegations set forth in Paragraph 31 of the Plaintiff's complaint.

32. Defendants deny the allegations set forth in Paragraph 32 of the Plaintiff's complaint.

33. Defendants deny the allegations set forth in Paragraph 33 of the Plaintiff's complaint.

34. Defendants admit the allegations set forth in Paragraph 34 of the Plaintiff's complaint.

35. Answering Paragraph 35 of Plaintiff's Complaint, it is admitted that Trooper Huff offered access to his e-Bay account so investigators could see what he sold. Except as admitted, Paragraph 35 is denied.

36. Defendants deny the allegations set forth in Paragraph 36 of the Plaintiff's complaint.

37. Answering Paragraph 37 of Plaintiff's Complaint, it is admitted that Lt. Carter accessed Trooper Huff's e-Bay account. Except as admitted, Paragraph 37 is denied.

38. Defendants admit the allegations set forth in Paragraph 38 of the Plaintiff's complaint. Investigators were not made aware of any information regarding Bob's Army Navy Surplus.

39. Defendants deny all allegations set forth in Paragraph 39 of Plaintiff's Complaint other than Trooper Huff having returned to full patrol duties for approximately three more months.

40. Defendants deny the allegations set forth in Paragraph 40 of the Plaintiff's complaint.

41. Answering Paragraph 41 of Plaintiff's Complaint, it is admitted that Major Harris recommended Trooper Huff's termination and Col Grey affirmed the recommendation. Except as admitted, Paragraph 41 is denied.

42. Answering Paragraph 42 of Plaintiff's Complaint, it is admitted that Trooper Huff was terminated on 21 April 2014 for the sale of state-issued shoes on e-Bay, for being untruthful in the Internal Affairs interview and for violation of conformance to laws policy.

43. Answering Paragraph 43 of Plaintiff's Complaint, it is admitted that State Property Incident Reports are required by statute. Except as admitted, Paragraph 43 is denied.

44. Answering Paragraph 44 of Plaintiff's Complaint, it is admitted that the State Highway Patrol contacted the District Attorney as is consistent with normal practice. Except as admitted, Paragraph 44 is denied.

45. Defendants deny the allegations set forth in Paragraph 45 of the Plaintiff's complaint.

46. Defendants deny the allegations set forth in Paragraph 46 of the Plaintiff's complaint.

47. Defendants admit the allegations set forth in Paragraph 47 of the Plaintiff's complaint.

48. Defendants admit the allegations set forth in Paragraph 48 of the Plaintiff's complaint.

49. Defendants admit the allegations set forth in Paragraph 49 of the Plaintiff's complaint.

50. Defendants admit the allegations set forth in Paragraph 50 of the Plaintiff's complaint.

51. Defendants admit the allegations set forth in Paragraph 51 of the Plaintiff's complaint.

52. Defendants deny the allegations set forth in Paragraph 52 of the Plaintiff's complaint.

53. Defendants admit the allegations set forth in Paragraph 53 of the Plaintiff's complaint.

54. Defendants deny the allegations set forth in Paragraph 54 of the Plaintiff's complaint.

## **CLAIMS FOR RELIEF**

### A.  FIRST CLAIM FOR RELIEF:  EQUAL PROTECTION -DISPARATE TREATMENT

55. Defendants re-allege and incorporate Paragraphs 1-54 as if fully restated herein.

56. Defendants admit that Plaintiff worked for Lexington Police Department for thirteen years and for State Highway Patrol thirteen months. Except as admitted, the remaining allegations set forth in Paragraph 56 of the Plaintiff's complaint are denied.

57. Defendants admit the allegations set forth in Paragraph 57 of the Plaintiff's complaint.

58. Defendants admit the allegations set forth in Paragraph 58 of the Plaintiff's complaint.

59. Defendants deny the allegations set forth in Paragraph 59 of the Plaintiff's complaint.

60. Defendants deny the allegations set forth in Paragraph 60 of the Plaintiff's complaint.

61. Defendants deny the allegations set forth in Paragraph 61 of the Plaintiff's complaint.
62. The allegations of paragraph 62 consist of legal conclusions, to which no response is required, but if one is, the allegations of paragraph 62 are denied.
63. Defendants deny the allegations set forth in Paragraph 63 of the Plaintiff's complaint.
64. Defendants deny the allegations set forth in Paragraph 64 of the Plaintiff's complaint.
65. Defendants deny the allegations set forth in Paragraph 65 of the Plaintiff's complaint.
66. Defendants deny the allegations set forth in Paragraph 66 of the Plaintiff's complaint.
67. Defendants deny the allegations set forth in Paragraph 67 of the Plaintiff's complaint.
68. Defendants deny the allegations set forth in Paragraph 68 of the Plaintiff's complaint.
69. Defendants deny the allegations set forth in Paragraph 69 of the Plaintiff's complaint.
70. Defendants deny the allegations set forth in Paragraph 70 of the Plaintiff's complaint.
71. Defendants deny the allegations set forth in Paragraph 71 of the Plaintiff's complaint.
72. Defendants deny the allegations set forth in Paragraph 72 of the Plaintiff's complaint.
73. Defendants deny the allegations set forth in Paragraph 73 of the Plaintiff's complaint.
74. Answering Paragraph 74 of Plaintiff's Complaint, it is admitted that approximately three months after the investigation interview, Trooper Huff was terminated from the State Highway Patrol. Except as admitted, the remaining allegations set forth in Paragraph 74 of Plaintiff's Complaint are denied.
75. Defendants deny the allegations set forth in Paragraph 75 of the Plaintiff's complaint.
76. Defendants deny the allegations set forth in Paragraph 76 of the Plaintiff's complaint. The State Property Incident Report is required by statute.
77. Defendants deny the allegations set forth in Paragraph 77 of the Plaintiff's complaint.
78. Defendants deny the allegations set forth in Paragraph 78 of the Plaintiff's complaint.

79. Defendants admit the allegations set forth in Paragraph 79 of the Plaintiff's complaint.

80. It is admitted that Plaintiff contested the denial of his unemployment benefits. Except as admitted, the remaining allegations set forth in Paragraph 80 of Plaintiff's Complaint are denied.

81. Defendants deny the allegations set forth in Paragraph 81 of the Plaintiff's complaint.

82. Defendants deny the allegations set forth in Paragraph 82 of the Plaintiff's complaint.

83. Defendants deny the allegations set forth in Paragraph 83 of the Plaintiff's complaint.

84. Defendants deny the allegations set forth in Paragraph 84 of the Plaintiff's complaint.

85. Answering Paragraph 85 of Plaintiff's Complaint, it is admitted that Captain Cotton and Major Harris were involved with the Internal Affairs investigation and that Major Harris recommended Trooper Huff's termination. It is further admitted that the termination was approved by Colonel Grey. Except as admitted, Paragraph 85 is denied.

86. Defendants deny the allegations set forth in Paragraph 86 of the Plaintiff's complaint.

87. Defendants deny the allegations set forth in Paragraph 87 of the Plaintiff's complaint.

88. Defendants deny the allegations set forth in Paragraph 88 of the Plaintiff's complaint.

89. Defendants deny the allegations set forth in Paragraph 89 of the Plaintiff's complaint.

90. Defendants deny the allegations set forth in Paragraph 90 of the Plaintiff's complaint.

91. Defendants deny the allegations set forth in Paragraph 91 of the Plaintiff's complaint.

### B. SECOND CLAIM FOR RELIEF: VIOLATION OF PROCEDURAL DUE PROCESS

92. Defendants re-allege and incorporate Paragraphs 1-91 as if fully restated herein.

93. Defendants deny the allegations set forth in Paragraph 93 of the Plaintiff's complaint.

94. Defendants deny the allegations set forth in Paragraph 94 of the Plaintiff's complaint.

95. Defendants deny the allegations set forth in Paragraph 95 of the Plaintiff's complaint.

96. Defendants deny the allegations set forth in Paragraph 96 of the Plaintiff's complaint.

97. Defendants deny the allegations set forth in Paragraph 97 of the Plaintiff's complaint.

98. Defendants deny the allegations set forth in Paragraph 98 of the Plaintiff's complaint.

99. Defendants deny the allegations set forth in Paragraph 99 of the Plaintiff's complaint.

100. Defendants deny the allegations set forth in Paragraph 100 of the Plaintiff's complaint.

101. Answering Paragraph 101 of Plaintiff's Complaint, it is admitted that Defendants have argued that Trooper Huff is not entitled to "career state employee" status. Except as admitted, Paragraph 101 is denied.

102. Defendants deny the allegations set forth in Paragraph 102 of the Plaintiff's complaint.

103. Defendants deny the allegations set forth in Paragraph 103 of the Plaintiff's complaint.

104. Defendants deny the allegations set forth in Paragraph 104 of the Plaintiff's complaint.

105. Defendants deny the allegations set forth in Paragraph 105 of the Plaintiff's complaint.

106. Defendants deny the allegations set forth in Paragraph 106 of the Plaintiff's complaint.

107. Defendants deny the allegations set forth in Paragraph 107 of the Plaintiff's complaint.

108. Defendants deny the allegations set forth in Paragraph 108 of the Plaintiff's complaint.

109. Defendants deny the allegations set forth in Paragraph 109 of the Plaintiff's complaint.

110. Defendants deny the allegations set forth in Paragraph 110 of the Plaintiff's complaint.

## C. THIRD CLAIM FOR RELIEF:
## VIOLATION OF SUBSTANTIVE DUE PROCESS

111. Defendants re-allege and incorporate Paragraphs 1-110 as if fully restated herein.

112. Defendants deny the allegations set forth in Paragraph 112 of the Plaintiff's complaint.

113. Defendants deny the allegations set forth in Paragraph 113 of the Plaintiff's complaint.

114. Defendants deny the allegations set forth in Paragraph 114 of the Plaintiff's complaint.

115. Defendants deny the allegations set forth in Paragraph 115 of the Plaintiff's complaint.

116. Defendants deny the allegations set forth in Paragraph 116 of the Plaintiff's complaint.

117. Defendants deny the allegations set forth in Paragraph 117 of the Plaintiff's complaint.

118. Defendants deny the allegations set forth in Paragraph 118 of the Plaintiff's complaint.

119. Defendants deny the allegations set forth in Paragraph 119 of the Plaintiff's complaint.

120. Defendants deny the allegations set forth in Paragraph 120 of the Plaintiff's complaint.

121. Defendants admit the allegations set forth in Paragraph 121 of the Plaintiff's complaint.

122. Defendants deny the allegations set forth in Paragraph 122 of the Plaintiff's complaint.

123. Answering Paragraph 123 of Plaintiff's Complaint, it is admitted that Trooper Huff had a duty to apprehend potential drunk drivers and charge those that meet the definitions of Driving While Impaired. It is further admitted that it is the policy of the State of North Carolina to apprehend drunk drivers under N. G. Gen. Stat. § 20-138.1 for impaired driving and those found guilty of driving while impaired are convicted of a crime. Except as admitted, Paragraph 123 is denied.

124. Defendants deny the allegations set forth in Paragraph 124 of the Plaintiff's complaint.

125. Defendants deny the allegations set forth in Paragraph 125 of the Plaintiff's complaint.

126. Defendants deny the allegations set forth in Paragraph 126 of the Plaintiff's complaint.

127. Defendants deny the allegations set forth in Paragraph 127 of the Plaintiff's complaint.

128. Defendants deny the allegations set forth in Paragraph 128 of the Plaintiff's complaint.

129. Defendants deny the allegations set forth in Paragraph 129 of the Plaintiff's complaint.

130. Defendants deny the allegations set forth in Paragraph 130 of the Plaintiff's complaint.

131. Defendants deny the allegations set forth in Paragraph 131 of the Plaintiff's complaint.

132. Defendants deny the allegations set forth in Paragraph 132 of the Plaintiff's complaint.

133. Defendants deny the allegations set forth in Paragraph 133 of Plaintiff's complaint.

134. Defendants deny the allegations set forth in Paragraph 134 of Plaintiff's complaint.

135. Defendants deny the allegations set forth in Paragraph 135 of Plaintiff's complaint.

### FOURTH CLAIM FOR RELIEF: VIOLATIONS OF 42 U.S.C. § 1983

136. Defendants re-allege and incorporate Paragraphs 1-135 as if fully restated herein.

137. The allegations of paragraph 137 consist of assumptions, to which no response is required, but if one is, the allegations of paragraph 137 are denied.

138. The allegations of paragraph 138 consist of assumptions, to which no response is required, but if one is, the allegations of paragraph 138 are denied.

139. Defendants deny the allegations set forth in Paragraph 139 of the Plaintiff's complaint.

140. Defendants deny the allegations set forth in Paragraph 140 of the Plaintiff's complaint.

141. Answering Paragraph 141 of Plaintiff's Complaint, it is admitted that Trooper Huff had a duty to apprehend potential drunk drivers and charge those that meet the definitions of Driving While Impaired. It is further admitted that it is the policy of the State of North Carolina to apprehend drunk drivers under N. G. Gen. Stat. § 20-138.1 for impaired driving and those found guilty of driving while impaired are convicted of a crime. Except as admitted, the remaining allegations contained in Paragraph 141 of Plaintiff's Complaint are denied.

142. Defendants deny the allegations set forth in Paragraph 142 of the Plaintiff's complaint.

143. Defendants deny the allegations set forth in Paragraph 143 of the Plaintiff's complaint.

144. Defendants deny the allegations set forth in Paragraph 144 of the Plaintiff's complaint.

145. Defendants deny the allegations set forth in Paragraph 145 of the Plaintiff's complaint.

146. Defendants deny the allegations set forth in Paragraph 146 of the Plaintiff's complaint.

147. Defendants deny the allegations set forth in Paragraph 147 of the Plaintiff's complaint.

148. Defendants deny the allegations set forth in Paragraph 148 of the Plaintiff's complaint.

149. Defendants deny the allegations set forth in Paragraph 149 of the Plaintiff's complaint.

150. Defendants deny the allegations set forth in Paragraph 150 of the Plaintiff's complaint.

151. Defendants deny the allegations set forth in Paragraph 151 of the Plaintiff's complaint.

152. Defendants deny the allegations set forth in Paragraph 152 of the Plaintiff's complaint.

153. Defendants deny the allegations set forth in Paragraph 153 of the Plaintiff's complaint.

154. Defendants deny the allegations set forth in Paragraph 154 of the Plaintiff's complaint.

### D. FIFTH CLAIM FOR RELIEF: SUPERVISORY VIOLATIONS OF 42 U.S.C. § 1983 (AGAINST SUPERVISORY DEFENDANTS IN THEIR INDIVIDUAL CAPACITY)

155. Defendants re-allege and incorporate Paragraphs 1-154 as if fully restated herein.

156. Defendants admit the allegations set forth in Paragraph 156 of the Plaintiff's complaint

157. The allegations of paragraph 157 consists of legal conclusions, to which no response is required, but if one is, the allegations of paragraph 157 are denied.

158. Defendants deny the allegations set forth in Paragraph 158 of the Plaintiff's complaint.

159. Defendants deny the allegations set forth in Paragraph 159 of the Plaintiff's complaint.

160. Defendants deny the allegations set forth in Paragraph 160 of the Plaintiff's complaint.

161. Defendants deny the allegations set forth in Paragraph 161 of the Plaintiff's complaint.

162. Defendants deny the allegations set forth in Paragraph 162 of the Plaintiff's complaint.

### E. SIXTH CLAIM FOR RELIEF: CONSPIRACY IN VIOLATION OF 42 U.S.C.

### § 1983 (AGAINST ALL DEFENDANTS, AGAINST SUPERVISORY DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES)

163. Defendants re-allege and incorporate Paragraphs 1-162 as if fully restated herein.

164. The allegations of paragraph 164 consists of legal conclusions, to which no response is required, but if one is, the allegations of paragraph 164 are denied.

165. The allegations of paragraph 165 consists of legal conclusions, to which no response is required, but if one is, the allegations of paragraph 165 are denied.

166. Defendants deny the allegations set forth in Paragraph 166 of the Plaintiff's complaint.

167. Defendants deny the allegations set forth in Paragraph 167 of the Plaintiff's complaint.

168. Defendants deny the allegations set forth in Paragraph 168 of the Plaintiff's complaint.

169. Defendants deny the allegations set forth in Paragraph 169 of the Plaintiff's complaint.

170. Defendants deny the allegations set forth in Paragraph 170 of the Plaintiff's complaint.

171. Defendants deny the allegations set forth in Paragraph 171 of the Plaintiff's complaint.

### F.  SEVENTH CLAIM FOR RELIEF: WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

172. Defendants re-allege and incorporate Paragraphs 1-171 as if fully restated herein.

173. Defendants deny the allegations set forth in Paragraph 173 of the Plaintiff's complaint.

174. Defendants admit the allegations set forth in Paragraph 174 of the Plaintiff's complaint.

175. Defendants deny the allegations set forth in Paragraph 175 of the Plaintiff's complaint.

176. Defendants deny the allegations set forth in Paragraph 176 of the Plaintiff's complaint.

177. Defendants deny the allegations set forth in Paragraph 177 of the Plaintiff's complaint.

178. Defendants admit the allegations set forth in Paragraph 178 of the Plaintiff's complaint.

179. Defendants deny the allegations set forth in Paragraph 179 of the Plaintiff's complaint.

180. Answering Paragraph 180 of Plaintiff's Complaint, it is admitted that Trooper Huff had a duty to apprehend potential drunk drivers and charge those that meet the definitions of Driving While Impaired. It is further admitted that it is the policy of the State of North Carolina to apprehend drunk drivers under N. G. Gen. Stat. § 20-138.1 for impaired driving and those found guilty of driving while impaired are convicted of a crime. Except as admitted, Paragraph 180 is denied.

181. Defendant denies the allegations set forth in Paragraph 181 of Plaintiff's Complaint.

182. Defendants deny the allegations set forth in Paragraph 182 of the Plaintiff's complaint.

183. Answering Paragraph 44 of Plaintiff's Complaint, it is admitted that the State Highway Patrol contacted the District Attorney as is consistent with normal practice. Except as admitted, the remaining allegations contained in Paragraph 183 of Plaintiff's Complaint are denied.

184. Defendants deny the allegations set forth in Paragraph 184 of the Plaintiff's complaint.

185. Defendants deny the allegations set forth in Paragraph 185 of the Plaintiff's complaint.

186. Defendants deny the allegations set forth in Paragraph 186 of the Plaintiff's complaint.

187. Defendants deny the allegations set forth in Paragraph 187 of the Plaintiff's complaint.

188. Defendants deny the allegations set forth in Paragraph 188 of the Plaintiff's complaint.

**FIRST FURTHER DEFENSE: THE DOCTRINE OF QUALIFIED IMMUNITY**

These answering Defendants further moves to dismiss Plaintiff's Complaint and assert the defense of qualified immunity. Qualified immunity shields Defendants Frank L. Perry, William Grey, Jennifer Harris and Joseph Cotton in their individual capacity from liability for Plaintiff's claims against them for monetary damages as they did not violate any clearly established constitutional rights of which a reasonable person would have known.

**SECOND FURTHER DEFENSE: THE DOCTRINE OF SOVEREIGN IMMUNITY**

To the extent Plaintiff seeks to recover money damages from these answering Defendants in their official capacity, the immunity provided by the Eleventh Amendment to the United States Constitution and sovereign immunity bar the recovery of such damages. The State of North Carolina has not consented to suit or otherwise waived such immunity. Furthermore, pursuant to Fed. R. Civ. P. 12(b)(1), this Court lacks subject matter jurisdiction as to any claims made against them in their official capacity because the immunity granted them pursuant to the Eleventh Amendment to the United States Constitution. Finally, Plaintiff has failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) as Plaintiff has wholly failed to make any allegations that exempt these answering Defendants from the protection of immunity provided pursuant to the Eleventh Amendment when sued in their official capacity.

**THIRD FURTHER DEFENSE: PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES**

The Complaint fails to allege or otherwise describe any facts to support a claim for punitive damages against these answering Defendants.

**FOURTH FURTHER DEFENSE: NO DEPRIVATION OF RIGHTS**

These answering Defendants deny that they deprived Plaintiff of any right under the Constitution of the United States or other federal law.

**WHEREFORE**, these answering Defendants pray as follows:

1. That Plaintiff have and recover nothing of them in this action;
2. That the costs of this action, including a reasonable attorney's fees, be taxed against the Plaintiff;
3. For a trial by jury on all issues so triable; and
4. That this Court award these answering Defendants such other and further relief as the Court may deem just and proper.

Respectfully submitted, this the 18th day of September, 2015.

>ROY COOPER
>ATTORNEY GENERAL
>
>/s/ Tammera S. Hill
>Tammera S. Hill
>Assistant Attorney General
>Public Safety Section
>N.C. State Bar No. 23172
>P.O. Box 629
>Raleigh, North Carolina 27602-0629
>Telephone: (919) 716-6500
>Fax: (919) 716-6761
>E-mail: thill@ncdoj.gov

*****************************************

## CERTIFICATE OF SERVICE

I hereby certify that on 18th September 2015, I electronically filed the foregoing *Answer of Defendants North Carolina Department of Public Safety, Division of State Highway Patrol, Frank L. Perry, William J. Grey, Jennifer A. Harris and Joseph A. Cotton* with the Clerk of the Court utilizing the CM/ECF system, and have mailed a courtesy copy via first class mail, postage pre-paid, to Plaintiff's counsel of record as follows:

Randolph M. James
RANDOLPH M. JAMES, P.C.
Post Office Box 20069
Winston-Salem, NC 27120

This the 18th day of September, 2015.

>/s/Tammera S. Hill
>Tammera S. Hill
>Assistant Attorney General