An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-703

Filed: 1 March 2016

Office of Administrative Hearings, No. OAH 14 OSP 03402

FREDDIE WAYNE HUFF, II, Petitioner,

v.

NC DEPARTMENT OF PUBLIC SAFETY, Respondent.

Appeal by petitioner from orders entered 16 February 2015 and 13 March 2015 by Judge J. Randall May in the Office of Administrative Hearings. Heard in the Court of Appeals 18 November 2015.

*Randolph M. James, P.C., by Randolph M. James, for petitioner-appellant.*

*Roy Cooper, Attorney General, by Tammera S. Hill, Assistant Attorney General, for respondent-appellee.*

ZACHARY, Judge.

Where petitioner was not an employee of an emergency management agency, and the length of his State employment did not meet the statutory minimum for career State employee status, the administrative law judge did not err in granting respondent's motion for summary judgment.

I. Factual and Procedural Background

Freddie Wayne Huff, II v. NCDPS, et al.
File No. 1:15-CV-599
EXHIBIT 9 to Defendants MSJ
Case 1:15-cv-00599-CCE-JEP   Document 27-9   Filed 08/01/16   Page 1 of 9

001

Freddie Wayne Huff, II (petitioner) was employed by the Lexington Police Department as a municipal police officer from 24 March 2003 through 5 March 2013. Petitioner was hired by the North Carolina Department of Public Safety (respondent), Division of State Highway Patrol, on 17 March 2013. On 21 April 2014, petitioner was dismissed from the State Highway Patrol for selling the shoes issued with his uniform and for lying when questioned about it. Petitioner attempted to challenge his termination by filing a Step 1 Grievance Filing From, alleging that the termination lacked just cause pursuant to N.C. Gen. Stat. § 126-35(a). He was informed that he did not qualify for participation in the internal grievance procedure because he had not attained "Career Status" under the State Personnel Act.

On 12 May 2014, petitioner filed a Petition for a Contested Case Hearing in the Office of Administrative Hearings. On 9 June 2014, respondent filed its first motion to dismiss, contending that because the Lexington Police Department does not qualify as an emergency management agency, the petitioner did not meet the minimum length of service required to qualify as a career State employee under N.C. Gen. Stat. § 126-5. On 30 June 2014, this motion was denied. On 17 October 2014, the case was stayed by the administrative law judge pending petitioner's completion of the internal grievance procedure. On 1 December 2014, petitioner received the final decision of the internal grievance procedure, upholding his termination.

Freddie Wayne Huff, II v. NCDPS, et al.
File No. 1:15-CV-599
EXHIBIT 9 to Defendants MSJ

002

Case 1:15-cv-00599-CCE-JEP   Document 27-9   Filed 08/01/16   Page 2 of 9

The internal grievance procedure having been exhausted, the stay was lifted on petitioner's Contested Case Hearing, and the matter returned to the Office of Administrative Hearings. On 13 January 2015, respondent moved for summary judgment. On 20 January 2015, petitioner filed a response to respondent's motion for summary judgment, as well as his own summary judgment motion. On 16 February 2015, the administrative law judge entered the Final Decision Order, granting respondent's motion for summary judgment and denying petitioner's motion for summary judgment. On 13 March 2015, the administrative law judge entered an order amending the Final Decision Order to correct a clerical error.

From the Final Decision Order and the order amending the Final Decision Order, petitioner appeals.

## II. Standard of Review

It is well established that "[i]n cases appealed from administrative tribunals, we review questions of law *de novo* and questions of fact under the whole record test." *Diaz v. Div. of Soc. Servs.*, 360 N.C. 384, 386, 628 S.E.2d 1, 2 (2006).

> When the issue on appeal is whether a state agency erred in interpreting a statutory term, an appellate court may freely substitute its judgment for that of the agency and employ *de novo* review. Although the interpretation of a statute by an agency created to administer that statute is traditionally accorded some deference by appellate courts, those interpretations are not binding. The weight of such [an interpretation] in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later

Freddie Wayne Huff, II v. NCDPS, et al.
File No. 1:15-CV-599
EXHIBIT 9 to Defendants MSJ

003

Case 1:15-cv-00599-CCE-JEP   Document 27-9   Filed 08/01/16   Page 3 of 9

> pronouncements, and all those factors which give it power to persuade, if lacking power to control.

*N.C. Sav. & Loan League v. N.C. Credit Union Comm'n*, 302 N.C. 458, 465-66, 276 S.E.2d 404, 410 (1981) (citations and quotations omitted).

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)).

### III. Analysis

In his first and second arguments, petitioner contends that the administrative law judge erred in granting respondent's motion for summary judgment. We disagree.

First, petitioner contends that the Final Decision Order granting respondent's motion for summary judgment is in error, because petitioner qualifies as a career State employee if the length of his employment by the State Highway Patrol is combined with the length of his service with the Lexington Police Department.

Under the North Carolina Human Resources Act, a "career State employee" is an employee of the State, or of a local entity as defined in statute, who:

(1) Is in a permanent position, and

(2) Has been continuously employed by the State of

- 4 -

Freddie Wayne Huff, II v. NCDPS, et al.
File No. 1:15-CV-599
EXHIBIT 9 to Defendants MSJ
Case 1:15-cv-00599-CCE-JEP   Document 27-9   Filed 08/01/16   Page 4 of 9

004

> North Carolina or a local entity as provided in G.S. 126-5(a)(2) in a position subject to the North Carolina Human Resources Act for the immediate 24 preceding months.

N.C. Gen. Stat. § 126-1.1(a) (2013).[1] Local entities encompassed by this statute include:

> a. Area mental health, developmental disabilities, and substance abuse authorities, except as otherwise provided in Chapter 122C of the General Statutes.
>
> b. Local social services departments.
>
> c. County health departments and district health departments.
>
> d. Local emergency management agencies that receive federal grant-in-aid funds.
>
> An employee of a consolidated county human services agency created pursuant to G.S. 153A-77(b) is not considered an employee of an entity listed in this subdivision.

N. C. Gen. Stat. § 126-5(a)(2) (2013). This section also applies to "[c]ounty employees not included under subdivision (2) of this subsection as the several boards of county commissioners may from time to time determine." N.C. Gen. Stat. § 126-5(a)(3).

Petitioner states that he worked for the State Highway Patrol for over twelve months, from 17 March 2013 through 21 April 2014, at which time petitioner was dismissed. Prior to this, petitioner was employed by the Lexington Police

---

[1] This statute has since been amended by 2015 N.C. Sess. Laws 260, sec. 1 (2015). However, the quoted language was in effect at the time of petitioner's initial action.

- 5 -

Freddie Wayne Huff, II v. NCDPS, et al.
File No. 1:15-CV-599
EXHIBIT 9 to Defendants MSJ

005

Case 1:15-cv-00599-CCE-JEP   Document 27-9   Filed 08/01/16   Page 5 of 9

Department for almost ten years, from 24 March 2003 to 5 March 2013. Petitioner contends that, as a result, he well exceeds the twenty-four months of employment necessary to qualify for career State employee status.

Before the administrative law judge, respondent maintained that the length of petitioner's service with the Lexington Police Department could not be combined with that of his employment by the State Highway Patrol, due to the fact that there was a twelve day break between the end of the former and the beginning of the latter. Petitioner maintains, however, that, pursuant to the State Personnel Manual, his service is considered continuous provided that the break in service is no more than thirty-one days. *State Personnel Manual Revision No. 7*, Revised November 1, 2013, p. 34, § 3. We agree that, because the break between petitioner's service with the Lexington Police Department and his service with the State Highway Patrol was only twelve days, the two together could constitute continuous service.

The question remains, however, whether the Lexington Police Department qualifies as a local entity within the meaning of N.C. Gen. Stat. §§ 126-1.1(a) and 126-5(a)(2). Petitioner asserts that it does, because it is a "[l]ocal emergency management agenc[y] that receive[s] federal grant-in-aid funds."

We have previously addressed this issue in *Conran v. New Bern Police Dept.*, 122 N.C. App. 116, 468 S.E.2d 258 (1996). In *Conran*, the petitioner challenged her dismissal from the New Bern Police Department. Because the petitioner was not a

- 6 -

Freddie Wayne Huff, II v. NCDPS, et al.
File No. 1:15-CV-599
EXHIBIT 9 to Defendants MSJ

006

Case 1:15-cv-00599-CCE-JEP   Document 27-9   Filed 08/01/16   Page 6 of 9

State employee, she relied upon N.C. Gen. Stat. § 126-5(a)(2) to support the position that a police officer working for a city in North Carolina is an employee subject to Chapter 126. We disagreed, and held that:

> A police officer is not an employee of a mental health, mental retardation, or a substance abuse authority. Likewise, a police officer is not covered under the part of subsection (2) that provides for employees of "local social services departments, public health departments, and local emergency management agencies that receive federal grant-in-aid funds...." In addition, there is no evidence in the record that New Bern police officers are county employees determined by county commissioners. Thus, Ms. Conran fails to demonstrate that her position is covered by N.C.G.S. § 126–5.

*Id*. at 118, 468 S.E.2d at 259.

The facts of the instant case are analogous to those of *Conran*. The Lexington Police Department is a municipal agency. It is not a mental health, developmental disability, or substance abuse authority. Moreover, it is not a local social services department, nor a county or district health department. There is no evidence that Lexington police officers are county employees determined by county commissioners. Moreover, as we held in *Conran*, a police department is not an emergency management agency that receives federal grant-in-aid funds. Accordingly, we hold that petitioner's period of service with the Lexington Police Department did not constitute State employment under Chapter 126, and thus did not contribute to petitioner's overall service for purposes of Chapter 126.

Freddie Wayne Huff, II v. NCDPS, et al.
File No. 1:15-CV-599
EXHIBIT 9 to Defendants MSJ

007

Case 1:15-cv-00599-CCE-JEP   Document 27-9   Filed 08/01/16   Page 7 of 9

Petitioner next argues that his service with the Lexington Police Department may constitute employment with an emergency management agency due to the fact that, in a state of emergency, the Lexington Police Department is under the direction and control of the Davidson Emergency Management Agency (DEMA), an emergency management agency under the auspices of Davidson County. Petitioner contends that this makes him a former employee of DEMA, and therefore that he qualifies as a career State employee under Chapter 126.

We find petitioner's argument unconvincing. During his time as an employee of the Lexington Police Department, petitioner was solely an employee of the Lexington Police Department. The fact that DEMA could, in a hypothetical emergency, direct the Lexington Police Department does not mean that petitioner was employed by DEMA. Petitioner asks us to define "employee" under the common law, and asserts that because DEMA could call upon and direct petitioner, this constituted the status of "employee." We disagree with this contention. Petitioner was employed by the Lexington Police Department, not by DEMA.

Because petitioner's qualifying State employment with the State Highway Patrol did not meet the statutory minimum for qualification as a career State employee, the administrative law judge did not err in granting respondent's motion for summary judgment.

This argument is without merit.

- 8 -

Freddie Wayne Huff, II v. NCDPS, et al.
File No. 1:15-CV-599
EXHIBIT 9 to Defendants MSJ

008

Case 1:15-cv-00599-CCE-JEP Document 27-9 Filed 08/01/16 Page 8 of 9

## IV. Conclusion

For the reasons discussed above, we conclude that where petitioner was not an employee of an emergency management agency, and the length of his State employment did not meet the statutory minimum required to attain career State employee status, the administrative law judge did not err in granting respondent's motion for summary judgment.

AFFIRMED.

Judges CALABRIA and ELMORE concur.

Report per Rule 30(e).

- 9 -

Freddie Wayne Huff, II v. NCDPS, et al.
File No. 1:15-CV-599
EXHIBIT 9 to Defendants MSJ

009

Case 1:15-cv-00599-CCE-JEP   Document 27-9   Filed 08/01/16   Page 9 of 9